Oldham, J. The appellee contends that an appeal will not lie from the decision of the Probate Court, upon a motion for a new trial. Whatever may be said upon the practice of this court of entertaining appeals from such decisions, it has become too well settled to be now questioned. Whatever reason-applies in favor of the practice in this court, applies equally as strong in favor of it in appeals from the Probate to the Circuit Court. Besides, the Revised Statutes confers the right of appeal from the Probate Court, on all demands against any estate, where the sum in controversy exceeds ten dollars, &c., c/i. 4, sec. 177, and requires the Circuit Court to determine the points made to the decision of the court, to which exceptions have been filed, and if it should be of opinion that the Probate Court had erred in relation to any material question of law or fact, to try the matter efe novo, &c.: sec. 182. We conceive that the authority thus conferred, may well be construed to extend to appeals from decisions upon motions for new trials. When an appeal has been taken it is the duty of the Circuit Court, first, to determine whether the Probate Court erred in relation to any material question of law or fact, upon the points made, and exceptions taken to the decision, and if error exist, to try the cause de novo; if not, affirm the judgment. The record states that in the Circuit Court the cause was submitted to the court sitting as a jury, and the court found for the appellee, and affirmed the judgment of the court below j but we conceive that the submission of the cause to the court was upon the exceptions taken to the decision of the Probate Court, because it does not appear that the court decided that error existed in the decision of the court below, and without such fact there was no authority for the trial de novo. The record substantially shows that the court decided that no error existed, and accordingly affirmed the judgment. The account was properly rejected. The liability of Clark’s administrator, if any existed, was upon the bond and not upon the account. If Sadler failed to comply with the conditions of the bond, by refusing to pay over to WiUamouicz his proportion of the profits arising from the sale of the goods, the remedy of the latter was upon the bond. The security of a sheriff could not be liable in assumpsit for money had and received, in case his principal had collected money under execution and failed to pay it over. That case is similar to the one before us. The Circuit Court correctly affirmed the judgment of the Court of Probate. Affirmed.